UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEXANDER ROY SINCLAIR,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY,<br><br>Defendant. | CASE NO. 3:21-CV-5633-BJR-DWC<br><br>ORDER GRANTING MOTION TO AMEND AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Presently pending before the Court is Plaintiff Alexander Roy Sinclair's Motion to Amend with attached proposed amended complaint. Dkt. 7.

After considering the relevant record, the Court grants Plaintiff's Motion to Amend (Dkt. 7) as a matter of course. However, the Court declines to serve the Amended Complaint and provides Plaintiff leave to file an amended pleading by October 29, 2021 to cure the deficiencies identified herein.[1]

---

[1] Plaintiff's Amended Complaint acts as a complete substitute for his original Complaint and will be considered as the operative complaint in this case.

## I.      Background

Plaintiff initiated this case on August 30, 2021, alleging Clark County Jail employees violated his constitutional rights by denying him medical care, harassing him, and using excessive force against him. Dkt. 1. On September 13, 2021, Plaintiff moved for leave to proceed *in forma pauperis*, which the Court granted. Dkt. 3, 5. Plaintiff filed the Motion to Amend, with a proposed amended complaint, on September 20, 2021. *See* Dkt. 4, 7.

## II.     Motion to Amend (Dkt. 7)

Plaintiff filed the Motion to Amend, seeking leave to file an amended complaint because he did not understand he needed to identify specific defendants. Dkt. 7. Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure,

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Plaintiff filed the Motion to Amend and proposed amended complaint prior to service. Further, Plaintiff has not previously amended his Complaint. Therefore, Plaintiff has the right to file the proposed amended complaint as a matter of course. "When the plaintiff has the right to file an amended complaint as a matter of course, [ ] the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility." *Thomas v. Home Depot U.S.A., Inc.*, 2007 WL 2140917, * 2 (N.D. Cal. July 25, 2007) (*quoting Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007)). Accordingly, Plaintiff's Motion to Amend (Dkt. 7) is granted. The Clerk is directed to docket the proposed amended complaint (Dkt. 7, pp. 2-5) as the Amended Complaint.

**III.     Screening under § 1915(e)**

Although Plaintiff's Motion to Amend is granted, the Amended Complaint remains subject to review and possible dismissal under 28 U.S.C. § 1915(e). Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §§ 1915(e), 1915A. The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).  Here, Plaintiff's Amended Complaint fails to comply with Rule 8(d). The Amended Complaint is difficult to decipher. For

example, it is difficult to discern the named defendants and the actions each defendant took or failed to take that resulted in a violation of Plaintiff's constitutional rights.

Further, Plaintiff appears to include several unrelated claims in the Amended Complaint. Unrelated claims against different defendants must be pursued in separate actions—the claims may not all be combined into one action. Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1375 (9th Cir. 1980). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Accordingly, Plaintiff may not assert multiple claims against unrelated defendants in this action. That all of the Defendants are employed by the Clark County Jail is not sufficient to support joinder of claims. Indeed, Plaintiff may not bring a single action for every unrelated incident occurring while housed at the Clark County Jail.

Plaintiff is ordered to file an amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order. In the amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action.

## IV. Instructions to Plaintiff and the Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a proposed amended complaint and within the proposed amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the proposed amended complaint on the form provided by the Court. The proposed amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of any previously filed complaint by reference. The proposed amended complaint will act as a complete replacement for any previously filed complaint, and not as a supplement. The Court will screen the proposed amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the proposed amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file a proposed amended complaint that complies with this Order or fails to adequately address the issues raised herein on or before October 29, 2021, the undersigned will recommend dismissal of this action.

The Clerk is directed to:

1. Docket the proposed amended complaint (Dkt. 7, pp. 2-5) as the Amended Complaint;

2. Send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service;

3. Send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 27th day of September, 2021.

David W. Christel
United States Magistrate Judge

ORDER GRANTING MOTION TO AMEND AND
DIRECTING PLAINTIFF TO FILE AN AMENDED
COMPLAINT - 6