UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEXANDER ROY SINCLAIR,

Plaintiff,

v.

CLARK COUNTY, et al.,

Defendants.

CASE NO. 3:21-CV-5633-BJR-DWC

REPORT AND RECOMMENDATION

Noting Date: April 15, 2022

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Alexander Roy Sinclair, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. *See* Dkt. 1.

Plaintiff initiated this case on August 30, 2021, alleging Clark County Jail employees violated his constitutional rights by denying him medical care, harassing him, and using excessive force against him. Dkt. 1. On September 13, 2021, Plaintiff moved for leave to proceed *in forma pauperis*, which the Court granted. Dkt. 3, 5. Plaintiff filed a motion to amend, with a proposed amended complaint, on September 20, 2021. *See* Dkt. 4, 7. In an Order Granting Motion to Amend and Directing Plaintiff to File an Amended Complaint, the Court granted

1  Plaintiff leave to amend, but found deficiencies in the Amended Complaint. Dkt. 8. The Court

2  directed Plaintiff to file an amended pleading on or before October 29, 2021. *Id.*

3        On October 28, 2021, Plaintiff filed a Motion to Amend (Dkt. 12) with an attached

4  second amended complaint. The Court granted the Motion to Amend, but again found

5  deficiencies in the Second Amended Complaint. Dkt. 13. The Court instructed Plaintiff to file an

6  amended complaint on or before December 29, 2021. *Id.* On January 3, 2022, Plaintiff filed the

7  Third Amended Complaint. Dkt. 15. On February 3, 2022, the Court declined to serve Plaintiff's

8  Third Amended Complaint and notified Plaintiff of the deficiencies contained in the Third

9  Amended Complaint. Dkt. 16 ("Order"). The Court directed Plaintiff to file an amended

10  complaint by March 4, 2022. *Id.* The Court warned Plaintiff that if he failed to file an amended

11  complaint or failed to adequately address the issues raised in the Order the undersigned would

12  recommend dismissal of this action. *Id.*

13        On March 9, 2022, Plaintiff filed a Motion to Appoint Counsel. Dkt. 17. The Court has

14  determined Plaintiff has not shown Court-appointed counsel is warranted in this case. Dkt. 18.

15        Plaintiff has failed to comply with the Court's Order. He has not filed an amended

16  complaint or otherwise responded to the Order. Further, the Motion to Appoint Counsel, filed on

17  March 9, 2022, did not reference the Court's Order, state that counsel was necessary to respond

18  to the Court's Order, or otherwise address the issues raised in the Order. *See* Dkt. 17. Moreover,

19  as discussed in the Order, Plaintiff has failed to state a claim upon which relief can be granted.

20  *See* Dkt. 16. Therefore, the Court recommends this case be dismissed without prejudice for

21  failure to follow a Court order and failure to state a claim upon which relief can be granted.

22        As Plaintiff failed to state a claim upon which relief could be granted, the Court finds this

23  case should be considered a "strike" under 28 U.S.C. § 1915(g).

24

1    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

2    Procedure, the parties shall have fourteen (14) days from service of this Report to file written

3    objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

4    objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

5    limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on April 15,

6    2022, as noted in the caption.

7    Dated this 31st day of March, 2022.

8

9    _____

10   David W. Christel
     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24